**Ravail Singh BHULLER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73158.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 21, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., Michele Y.F. Sarko, Attorney, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Ravail Singh Bhuller, a native and citizen of India, petitions for review from the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Bhuller failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Bhuller testified that the Indian police arrested, detained, and beat him. However, Bhuller failed to demonstrate that he suffered this treatment on account of an actual or imputed political opinion. *See Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir.1997).

Because Bhuller failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

■ We lack jurisdiction to consider Bhuller's contention that he entitled to relief under CAT because Bhuller failed to exhaust this issue. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**